UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN MICHAEL CAMERON,

        Plaintiff,

v.                                          Case No. 8:21-cv-1299-JRK

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

        Defendant.
_____/

## OPINION AND ORDER[1]

### I. Status

Kevin Michael Cameron ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of bipolar disorder, depression, attention deficit/hyperactivity disorder ("ADHD"), chronic back pain, degenerative disc disease, injured vertebrae, chronic bronchitis, a chronic cough, and a learning disability. Transcript of Administrative Proceedings (Doc.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 13), filed October 19, 2021; Reference Order (Doc. No. 15), entered October 19, 2021.

No. 14; "Tr." or "administrative transcript"), filed October 19, 2021, at 86, 98, 110, 123, 338.

On January 18, 2017, Plaintiff protectively filed an application for DIB, and on February 8, 2017, Plaintiff protectively filed an application for SSI. Tr. at 313-14 (DIB), 307-12 (SSI).[2] In both applications, Plaintiff alleged a disability onset date of August 2, 2016. Tr. at 313 (DIB), 307 (SSI). The applications were denied initially, Tr. at 83, 85-96, 163, 164-66 (DIB); Tr. at 84, 97-108, 167-69, 170 (SSI), and upon reconsideration, Tr. at 109-21, 135, 173, 174-78 (DIB); Tr. at 122-34, 136, 179, 180-84 (SSI).

On November 29, 2018, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 58-82 (hearing transcript); Tr. at 160, 162, 171, 172, 185, 186 (appointment of representative documents). At the time of the hearing, Plaintiff was forty-nine (49) years old. Tr. at 63 (stating Plaintiff's date of birth). On January 11, 2019, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 140-48.

---

[2] The DIB application was actually completed on January 19, 2017, and the SSI application was completed on February 11, 2017. Tr. at 313 (DIB), 307 (SSI). The protective filing date for the DIB application is listed in the administrative transcript as January 18, 2017. Tr. at 86, 110. The protective filing date for the SSI application is listed as February 8, 2017. Tr. at 98, 123.

Thereafter, Plaintiff sought review of the ALJ's decision. Tr. at 244-45. On January 8, 2020, the Appeals Council granted Plaintiff's request for review and remanded the matter to the ALJ with instructions. Tr. at 154-57. On remand, the ALJ held another hearing on October 14, 2020, during which Plaintiff (still represented by counsel) and a VE testified via telephone.[3] Tr. at 34-57. At this hearing, Plaintiff was fifty-one (51) years old. Tr. at 41 (stating Plaintiff's date of birth). On December 7, 2020, the ALJ issued a new Decision again finding Plaintiff not disabled through the date of the Decision. Tr. at 15-27.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council. Tr. at 4-5 (Appeals Council exhibit list and order), 304-06 (request for review). On March 23, 2021, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, making the ALJ's Decision the final decision of the Commissioner. On May 27, 2021, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues "the ALJ failed to properly assess [Plaintiff's] symptoms." Plaintiff's Memorandum of Law in Support of Allegations of the Complaint (Doc. No. 26; "Pl.'s Mem."), filed March 15, 2022, at 4 (emphasis and

---

[3] The hearing was held via telephone with Plaintiff's consent because of extraordinary circumstances presented by the COVID-19 pandemic. Tr. at 36-37, 302.

3

some capitalization omitted). On May 4, 2022, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 27; "Def.'s Mem.") responding to Plaintiff's argument. After a thorough review of the entire record and consideration of the parties' arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II. The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

---

[4] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

4

Here, the ALJ followed the five-step inquiry. See Tr. at 18-27. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since August 2, 2016, the alleged onset date." Tr. at 18 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: degenerative disc disease, arthropathies, bronchitis, coronary arteriosclerosis, hyperlipidemia, and hepatitis C." Tr. at 18 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 21 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform sedentary work as defined in 20 [C.F.R. §§] 404.1567(a) and 416.967(a) except [Plaintiff] can lift and carry up to 10 pounds; can stand and walk for up to 2 hours each, and sit for up to 6 hours per 8 hour workday; must never climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; and must avoid vibration, temperature extremes, pulmonary irritants, hazardous machinery, and heights.

Tr. at 21-22 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is capable of performing past relevant work" as a "telemarketer." Tr. at 25 (some emphasis and citation omitted). The ALJ then made alternative

findings at the fifth and final step of the sequential inquiry. Tr. at 26-27. After considering Plaintiff's age ("47 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are other jobs that exist in significant numbers in the national economy that [Plaintiff] also can perform," such as "Order clerk," "Charge account clerk," and "Final assembler." Tr. at 26-27 (some emphasis omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from August 2, 2016, through the date of th[e D]ecision." Tr. at 27 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v.

Berryhill, 139 S. Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff contends the ALJ erred in evaluating his subjective symptoms and complaints of pain because "the ALJ failed to examine many of the [relevant factors] and, instead, he focused primarily, if not exclusively, on the objective medical evidence, concluding that such evidence did not establish that [Plaintiff's] impairments were of a disabling nature." Pl.'s Mem. at 8 (citing Tr. at 22-25). Responding, Defendant argues "substantial evidence supports the [ALJ's] evaluation of Plaintiff's subjective complaints of disabling pain and other symptoms." Def.'s Mem. at 4 (emphasis and some capitalization omitted).

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective

7

medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

"In evaluating the intensity and persistence of a claimant's symptoms, the ALJ considers the entire record, including the objective medical evidence, the claimant's history, and statements of the claimant and [his or] her doctors." Belser v. Soc. Sec. Admin., Comm'r, No. 20-12121, 2021 WL 6116639, at *6 (11th Cir. Dec. 27, 2021) (unpublished) (citing 20 C.F.R. §§ 404.1529(c)(1)-(2)). The Regulations in effect at the time of the ALJ's Decision provided that an ALJ "will" also consider other factors related to symptoms such as pain, including:

> (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms; (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms; (vi) Any measures [the claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms . . .; and (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

8

20 C.F.R. § 404.1529(c)(3)(i)-(vii). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).[5]

Here, the ALJ initially recognized Plaintiff's assertions of how his pain and other impairments affect him, including allegations of "severe chronic lower back pain that radiated to his left leg [and] limited his ability to complete personal care and household chores, and the length of time that he could sit, stand, and walk." Tr. at 22 (citing Exs. 5E and 8E, located at Tr. at 366-68, 380-82). The ALJ also recognized complaints of depression, as well as limitations in "lifting, squatting, bending, standing, walking, sitting, kneeling, stair climbing, memory, completing tasks, concentration, understanding, following instructions, and getting along with others." Tr. at 22 (citing Ex. 4E, located at Tr. at 356-63). The ALJ summarized Plaintiff's hearing testimony that "his

---

[5] In 2017, the SSA issued new guidance to ALJs about how to evaluate subjective complaints of pain and other symptoms. The SSA has "eliminat[ed] the use of the term 'credibility' from [its] sub-regulatory policy, as [the R]egulations do not use this term." SSR 16-3P, 2017 WL 5180304, at *2 (Oct. 25, 2017). "In doing so, [the SSA has] clarif[ied] that subjective symptom evaluation is not an examination of an individual's character." Id. Accordingly, ALJs are "instruct[ed] . . . to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." Id. "The change in wording is meant to clarify that [ALJs] aren't in the business of impeaching claimants' character; obviously [ALJs] will continue to assess the credibility of pain assertions by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence." Cole v. Colvin, 831 F.3d 411, 412 (7th Cir. 2016) (emphasis in original).

9

severe back pain interfered with his everyday activities, and that he could not sit, stand or walk for any significant period of time because of the pain." Tr. at 22; see Tr. at 40-52, 62-77 (hearing testimony). The ALJ also recognized Plaintiff's assertion that, due to a spine surgery that had occurred just prior to the last hearing, he "has had difficulty with foot drop." Tr. at 22.

The ALJ then found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in th[e D]ecision." Tr. at 22.

The ALJ next discussed the medical evidence. Tr. at 23-25. Particularly noteworthy are the ALJ's observations that there were no complications from the February 2019 spinal surgery, and at an October 2019 follow up visit, Plaintiff "reported that he was free of pain, and a musculoskeletal examination revealed that [Plaintiff] had full range of motion and full strength in all extremities." Tr. at 24 (citing Ex. 30F/28, located at Tr. at 956); see also Tr. at 959 (strength and range of motion findings). The ALJ also observed that at a follow up visit with a cardiologist on March 2, 2020, Plaintiff did not report any musculoskeletal pain, muscle aches, or weakness with a two-mile bicycle ride. Tr. at 24; see Tr. at 850. The ALJ wrote that the cardiologist did not find any

joint tenderness or swelling, and determined Plaintiff had a normal gait with normal strength and tone. Tr. at 24; see Tr. at 851. The ALJ finally found that the cardiologist had noted Plaintiff "felt better after his laminectomy and fusion." Tr. at 24; see Tr. at 849.

The ALJ recognized that at a September 2020 visit to the Health Department, Plaintiff did report "swelling in his legs that had begun three weeks earlier." Tr. at 25; see Tr. at 935. The ALJ observed that Plaintiff was "provided [with] compression stockings" for the swelling. Tr. at 25; see Tr. at 935 (noting that Plaintiff was "advised . . .to wear compression stockings and elevate legs as much as possible").

At the end of the day, the ALJ found Plaintiff has "greater sustained capacity than alleged." Tr. at 25. Plaintiff does not specifically challenge any of the forgoing subjective complaint findings; instead, Plaintiff contends that "the ALJ failed to heed SSR 16-3p's cautionary instruction not to discount a [Plaintiff's] statements regarding the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms." Pl.'s Mem. at 8. But the ALJ did not discount Plaintiff's statements solely because the medical evidence did not substantiate them: the ALJ reviewed the record as a whole and determined that Plaintiff is not as limited as he alleges. The ALJ adequately considered

11

Plaintiff's subjective complaints, and the ALJ's findings are supported by substantial evidence.

## V. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. Based on the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as well as § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 19, 2022.

_____
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record